# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 15-0007** (Fayette County 14-F-87)

**Kenneth D. Black,**
**Defendant Below, Petitioner**

**FILED**

October 20, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Kenneth D. Black, by counsel John M. "Jack" Thompson Jr., appeals the Circuit Court of Fayette County's December 5, 2014, order sentencing him to a cumulative term of incarceration of two to twenty years for two counts of delivery of a controlled substance to be served concurrently to one another and one count of felony conspiracy to run consecutively to one of the two counts of delivery of a controlled substance. The State, by counsel Shannon Frederick Kiser, filed a response in support of the circuit court's order. On appeal, petitioner argues that (1) the State presented insufficient evidence to support his convictions and (2) the circuit court erred in denying his motions for judgment of acquittal after the State's case-in-chief and at the conclusion of trial.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2014, the Fayette County grand jury indicted petitioner and a co-defendant, Vicky Wills, jointly on two counts of delivery of controlled substances, in violation of West Virginia Code § 60A-4-401(a), and one count of conspiracy to deliver controlled substances, in violation of West Virginia Code § 61-10-31. Ms. Wills pled guilty to one count of delivery of a controlled substance prior to petitioner's trial, and the remaining counts against her were dismissed.

Petitioner proceeded to trial in September of 2014. At trial, the State presented evidence that on January 31, 2014, law enforcement officers provided a confidential informant ("CI") with "buy money" to purchase controlled substances through Vicky Wills. According to the CI's testimony, she set up two separate drug transactions with Ms. Wills on that day, each about three hours apart. The CI explained that for each separate transaction she arrived at Ms. Wills' house with "buy money," and Ms. Wills arranged to purchase cocaine for the CI from a third party. On both occasions that day, the CI testified that Ms. Wills contacted the third party, and petitioner

1

arrived in a vehicle with the controlled substances. Ms. Wills then took the money to petitioner's vehicle and returned with cocaine. Ms. Wills testified that she paid petitioner $100 for cocaine on January 31, 2014, but she claimed to have no memory of a second transaction on that date. The State also presented the testimony of a forensic analyst with the West Virginia State Police, who explained that the substance at issue contained cocaine base. Petitioner presented no witnesses. After the State rested and again at the conclusion of the trial, petitioner moved for judgment of acquittal alleging that the evidence was insufficient to support the charges of delivery of a controlled substance and conspiracy. The circuit court denied both motions.

Following its deliberations, the jury found petitioner guilty of all three felony counts. At sentencing, the circuit court sentenced him to a cumulative term of incarceration of two to twenty years for two counts of delivery of a controlled substance to be served concurrently to one another and one count of felony conspiracy to run consecutively to one of the two counts of delivery of a controlled substance. This appeal followed.

On appeal, petitioner first argues that the evidence presented by the State at his trial was insufficient to prove his guilt beyond a reasonable doubt. With regard to claims of sufficiency of the evidence in a criminal proceeding, we have explained that

> "[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syllabus Point 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 1, *State v. Malfregeot*, 224 W.Va. 264, 685 S.E.2d 237 (2009). To convict petitioner of delivery of a controlled substance, the State had to prove that petitioner intentionally delivered a Schedule I or II controlled substance to another. W. Va. Code § 60A-4-401(a)(1). To convict petitioner of conspiracy under West Virginia Code § 61-10-31, the State had to prove that petitioner "agreed with others to commit an offense against the State and that some overt act was taken by a member of the conspiracy to effect the object of that conspiracy." *State v. Less*, 170 W.Va. 259, 264–65, 294 S.E.2d 62, 67 (1981). The agreement to commit the crime "may be inferred from the words and actions of the conspirators, or other circumstantial evidence, and the State is not required to show the formalities of an agreement." *Id*. at 265, 67.

Following a thorough review of the record on appeal and the parties' arguments, we find no merit to petitioner's argument. Petitioner is correct that Ms. Wills claimed to have no memory of a second transaction on January 31, 2014, and she claimed to have contacted another individual for the cocaine, only to have petitioner deliver the same. However, the jury heard

testimony from the CI that Ms. Wills twice acted in agreement with petitioner to exchange money for cocaine and that Ms. Wills then provided that cocaine to the CI. The CI specifically witnessed petitioner arrive for both transactions, and while the CI did not witness the exchange during the second transaction between petitioner and Ms. Wills, the CI testified that petitioner arrived at the house, Ms. Wills took the "buy money" to petitioner's vehicle, Ms. Wills then returned with cocaine, and petitioner left the house. Given the circumstances of this case, the jury heard sufficient evidence to find that petitioner twice delivered a controlled substance and feloniously conspired with Ms. Wills and the individual that Ms. Wills contacted for that cocaine. Therefore, we reject petitioner's first assignment of error.

Petitioner's second assignment of error is that the circuit court erroneously denied his motions for judgment of acquittal at the close of the State's case-in-chief and at the conclusion of the trial. Specifically, he relies on the conclusion that the circuit court erred in finding that the evidence presented at trial was sufficient to support the charges beyond a reasonable doubt. We have held that "[t]he Court applies a de novo standard of review to the denial of a motion for judgment of acquittal based upon the sufficiency of the evidence." *State v. Juntilla*, 227 W.Va. 492, 497, 711 S.E.2d 562, 567 (2011) (citing *State v. LaRock*, 196 W.Va. 294, 304, 470 S.E.2d 613, 623 (1996)). Because we apply a *de novo* standard of review to the denial of such motions, "this Court, like the trial court, must scrutinize the evidence in the light most compatible with the verdict, resolve all credibility disputes in the verdict's favor, and then reach a judgment about whether a rational jury could find guilt beyond a reasonable doubt." *State v. LaRock*, 196 W.Va. 294, 304, 470 S.E.2d 613, 623 (1996). As explained above, the evidence presented by the State in this matter was sufficient to prove petitioner's guilt beyond a reasonable doubt as to all three counts. Therefore, the circuit court did not commit error when it denied petitioner's motions for judgment of acquittal based on insufficient evidence.

For the foregoing reasons, the circuit court's December 5, 2014, order, is hereby affirmed.

Affirmed.

**ISSUED:** October 20, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II